[Crim. No. 2556. Second Appellate District, Division One.—August 24, 1934.]

## THE PEOPLE, Respondent, v. JAMES A. PHENEY, Appellant.

David Welts for Appellant.

U. S. Webb, Attorney-General, and Paul D. McCormick, Deputy Attorney-General, for Respondent.

HOUSER, J.—By an information filed against him, defendant was accused of the commission of the crime of burglary; also that theretofore, on each of five separate occasions, he had been convicted of a felony and had "served a term of imprisonment therefor". On the trial of the action, it having been stipulated by respective counsel that the fourth and the fifth of such alleged prior convictions of defendant were "one and the same", defendant admitted the commission by him of each of the first four prior convictions of which he was charged, and that he had "served a term of imprisonment therefor". From a judgment of conviction of the crime of burglary, for the commission of which he was sentenced as a habitual criminal, defendant has appealed to this court.

In his opening brief herein, in effect the only point made by appellant is that the evidence adduced on the trial of the action was insufficient to support the judgment that was rendered against him. In that regard, neither defendant nor any other person would be in anywise benefited by having a recital of such evidence included herein. It is sufficient to say that, after a careful examination of the record, aside from the several denials by defendant of the testimony given by various other witnesses, it manifestly appears that actively, knowingly and with criminal intent, defendant participated in the commission of the crime of which he was found guilty.

By his closing brief, although contrary to the rules of appellate procedure, appellant for the first time suggests that error was committed by the trial court in that "the *corpus delicti* of this crime, i. e., the entry with intent to commit a felony or petty larceny, was not proven prior to the introduction of the purported confession, nor afterwards"; also, "that the purported confession was inadmissible not only because of the fact that the state had unquestionably failed to prove the *corpus delicti,* but because such confession was allowed into evidence without any showing whatsoever of its legality, and not only that, but its legality was never proved prior to or after its admission"; furthermore, that "error was committed by the court in allowing the introduction of evidence in regard to the finding of the burglarious tools in the possession of the appellant. . . . "

In response to such contention on the part of appellant, it need only be said that appellant fails to show that any of such evidence was introduced over his objection thereto. For aught that is made to appear, all such evidence was properly and regularly presented to the trial court. But even conceding (without so deciding) that error may have been committed, the evidence of the guilt of defendant was so overwhelming that none of such errors, nor all of them combined, should result in an order of reversal of the judgment. It is only where it satisfactorily appears that error has resulted in a miscarriage of justice that a reversal of the judgment is authorized. (Sec. 4½, art. VI, Const.)

It is ordered that the judgment be and it is affirmed.

Conrey, P. J., and York, J., concurred.